**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yeong Kyu Kim, | No. CV-23-02205-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint is dismissed.

**I.     Legal Standard**

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* A complaint "is frivolous where it lacks an arguable basis either in law or in fact," such that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Section 1915(d) is designed largely to discourage

---

[1]     Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id.* at 327. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Id.* at 327-28.

Nevertheless, "this initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the [§ 1915(e)(2)(B)(i)] frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. "An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely." *Id.* "Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be 'strange, but true; for truth is always strange, [s]tranger than fiction.'" *Id.*

The Supreme Court has declined the invitation to "define the 'clearly baseless' guidepost with more precision" because district courts "are in the best position to determine which cases fall into this category." *Id. See also Hausauer v. City of Mesa*, 2020 WL 7342832, *5-7 (D. Ariz. 2020) (collecting cases where district courts deemed complaints "wholly incredible" or "clearly baseless" and contrasting that standard with allegations that are merely "improbable and highly coincidental").

…

## II. Analysis

The complaint asserts claims against "Police Report (For Me) 2023-38/911 (Seventh Washing Street)," "Police (Maybe Paterol)," "Banker," and "Apart Manager (Leaved Don't Know Where She Is)." (Doc. 1 at 2.) The complaint begins with the allegation that Plaintiff has "been lived under spirit" since "junior high school." (*Id.* at 6,) The "spirit" that allegedly possesses Plaintiff plays a major role throughout the remainder of the complaint. The allegations do not form a cohesive narrative and lack clarity, owing in part to nonstandard sentence structure and in part to the disjointed and at times nonsensical nature of the allegations. At first, the complaint alleges that if "a lot of money was given" to Plaintiff, he could "drive Air Forse [sic] fighter to North Korea with bomb and hit the ground" in order to die in a "fighter crash" so his family could "live with a lot of money" and "be happy." (*Id.*) Next, the complaint alleges that "from the early 30 [sic] to now[,] lovers game happened to [Plaintiff] 21 years ago in Scottsdale near Phoenix . . . with Sara." (*Id.*) "The spirit" deprived Plaintiff of sleep, so he bought a knife and tried to kill himself, but his "belly got pain," so he went to the hospital where he "experienced half skinship (very good)" and "the spirit prepared young girls in three places." (*Id.* at 6-7.) "After three girl[s]," Plaintiff found a "beautiful young girl," and the spirit told Plaintiff "no girl for [you] exept [sic] this girl." (*Id.* at 7.) Then "some night," Plaintiff "went to police station with letter to ask police to pass to the Mexico restaurant girl" and "found [a surprising] thing": "a police" sitting in a chair wearing a pink suit jacket. (*Id.*) Plaintiff returned home and called his sister to discuss the pink-clad police officer, at which point his sister said, "stop, stop" and "cried on the phone," and Plaintiff understood that "a police" had a "relationship" with his sister "by body or mind or letter." (*Id.* at 7-8.)

The next day, Plaintiff went to the restaurant to see the young girl and the manager told him she was "sitting on table" but "would come." (*Id.* at 8.) But two "police" approached Plaintiff and told him to "get out to the outside," prompting Plaintiff to "never follow" [sic] and to shout to the police, "Get out," at which point the police escorted him out, told him "You will [find] yourself in prison," and took him "home through the all night

F.B.I. building." (*Id.*)  The next day, Plaintiff went to the restaurant and on the way home, he was arrested, brought to jail, and released.  (*Id.*)  Upon his release, the two desk workers tried to change his name.  (*Id.* at 9.)  Then the spirit told him in a dream that bankers stole his bank card and pin number.  (*Id.*)  Plaintiff needs his I.D. card, which is in his wallet, and "the U.P.C." told him that his wallet is in jail, which Plaintiff interpreted to mean somebody is in jail with his I.D. cards and "maybe one thousand million dollar check for me for her for both."  (*Id.*)

These allegations are clearly baseless.  The are fanciful and delusional in that they mix elements of the supernatural (*i.e.*, being possessed by a spirit) with facts that make no sense (*e.g.*, police officers escorting Plaintiff home but first taking him through an "all night F.B.I. building").  The facts alleged are "so incredible that they need not be accepted as true."  *Maxey v. KCRA Television, Inc.*, 2015 WL 6951277, *2 (E.D. Cal. 2015).

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).  Here, the complaint is entirely fanciful.  Without the fanciful allegations, the complaint is devoid of facts.  The complaint has is no legal theory, no foundation upon which additional or alternative factual allegations could be built to create a non-frivolous action.  Under the circumstances, it is absolutely clear that Plaintiff cannot cure the deficiencies of the complaint by amendment.

Accordingly,

**IT IS ORDERED granting** the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **dismissed** without leave to amend.  The Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 31st day of October, 2023.

Dominic W. Lanza
United States District Judge